IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MATTHEW SAVORY, Register No. 503817,  )
                                       )
                   Plaintiff,          )
                                       )
          v.                           )   No. 06-4203-CV-C-SOW
                                       )
TERRY MOORE, et al.,                   )
                                       )
                   Defendants.         )

### REPORT AND RECOMMENDATION

Plaintiff Matthew Savory, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On December 18, 2006, a hearing was held on plaintiff's request for preliminary injunctive relief. Plaintiff alleges that defendants are retaliating against him for filing this lawsuit. Plaintiff alleges unknown corrections guards have placed a magnetic strip over his administrative segregation cell window and have made threats against him through the crack in the door. Plaintiff seeks to be moved to a different correctional facility.

Pursuant to the hearing, plaintiff was ordered to file a grievance on the issue within seven days, and defendants were directed to consider plaintiff's grievance out-of-time and process it expeditiously. Defendants filed a response with this court on January 2, 2007, advising that plaintiff had not filed an IRR as ordered, and therefore, his allegations could not be investigated. Plaintiff responded on January 22, 2007, indicating that he filed an IRR on January 5, 2007.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir.

1985).  In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113.  Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."  Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)).  Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."  Dataphase, 640 F.2d at 113.  The burden of proof is on the party seeking injunctive relief.  United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

In the instant case, despite being given the opportunity to file an IRR out-of-time regarding his claims for preliminary injunctive relief, plaintiff failed to timely file such IRR within seven days as ordered.  Only after defendants filed their response indicating plaintiff's failure to comply with the court's order did plaintiff file the IRR.  Although plaintiff has subsequently asserted he did not receive the IRR forms until December 27, 2006, prison records clearly reflect that on December 19, 2006, the day following the hearing, plaintiff was given three IRR forms, per the request of the Missouri Attorney General.  Based upon plaintiff's failure to comply with court orders, this court finds that preliminary injunctive relief is not warranted.

Moreover, the response to plaintiff's January 5, 2007 IRR indicates that nothing can be found to support plaintiff's claim that unknown persons are placing a magnetic strip on plaintiff's cell door making threats toward plaintiff regarding this lawsuit.  The response cites

2

plaintiff's failure to give names, dates or any other supportive evidence to back his allegations. This court finds there is no evidence of a threat of irreparable harm to plaintiff.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for preliminary injunctive relief seeking a transfer to a different correctional facility be denied [14].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 27th day of March, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge