# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

MATTHEW SAVORY, Register No. 503817,  )
)
                Plaintiff,  )
)
            v.  )    No. 06-4203-CV-C-SOW
)
TERRY MOORE, et al.,  )
)
                Defendants.  )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Matthew Savory, an inmate confined at Jefferson City Correctional Center, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. In August 2006, he filed suit alleging violations of his constitutional rights related to events following the death of a fellow inmate in December 2004. Plaintiff was found with blood on his clothing following the assault and was placed in administrative segregation. An investigation was conducted and plaintiff was eventually issued a conduct violation for murder/manslaughter. Plaintiff claims the conditions of his confinement in administrative segregation are unconstitutional and that he was denied due process in the disciplinary processes. Further, plaintiff asserts his First Amendment rights were violated when he was advised to curtail filing grievances on the issues.

On December 14, 2006, defendants filed a motion to dismiss for plaintiff's failure to state a claim for which relief can be granted and to dismiss for plaintiff's failure to exhaust his administrative remedies. Subsequently, on January 4, 2007, defendants filed a motion to dismiss for plaintiff's failure to prosecute and to comply with court orders. Plaintiff has responded to the motions and defendants have replied. Thus, the issues are fully submitted and ready for disposition.[1]

---

[1]This case has been referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

**Exhaustion Requirement**

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Pursuant to the March 11, 2005 Missouri Department of Corrections Offender Grievance Procedures, an offender has exhausted the administrative grievance procedure as to his claims, pursuant to federal law, upon receipt of a grievance appeal response. See Missouri Department of Corrections Manual, D5-3.2, Offender Grievance, No. III(M)(12) (March 11, 2005). Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Defendants' motion to dismiss for failure to exhaust administrative remedies was filed prior to the Court's decision in Jones v. Bock, ___ U.S. ___, 127 S. Ct. 910 (2007). In Jones, the Court held that an inmate does not necessarily have to have named all the defendants in the complaint in the administrative processes. Thus, defendants' motion to dismiss on the ground that plaintiff failed to name all of the defendants in his grievances should be denied. Further, the court finds that sufficient exhaustion has occurred to allow plaintiff to proceed.

Accordingly, defendants' motion to dismiss on this ground is recommended denied.

## Failure to State a Claim

Defendants also seek dismissal for plaintiff's failure to state a claim for which relief can be granted. Clearly, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

In the motion filed on December 14, 2006, defendants assert plaintiff's assignment to administrative segregation did not violate the Eighth Amendment or his right to due process. Defendants state plaintiff was placed in administrative segregation for security reasons, not disciplinary ones, and no predeprivation hearing was required. Defendants further claim the delay in issuing a conduct violation did not violate his constitutional rights because he continued to have periodic administrative reviews of his assignment.

In his complaint, plaintiff asserts he was placed in administrative segregation in the middle of the winter without life's necessities, such as food, clothing and water, and that defendants' purpose was punishment. He claims he was subjected to cruel and unusual punishment and denied due process. He states he remained in administrative segregation for eight months before a conduct violation was issued and continues to reside in administrative segregation. Plaintiff claims that when he finally had a disciplinary hearing, he was not permitted to call witnesses of his choice and he was denied the opportunity to review the security videotape, which he thinks would show his lack of involvement in the assault.

As an initial matter, it is noted plaintiff does not have a right to due process under the Fourteenth Amendment unless he has a protected life, liberty or property interest. Liberty interests may arise from the Due Process Clause or from state laws. Meachum v. Fano, 427 U.S. 215, 223-27 (1976).

The Due Process Clause itself does not provide an inherent right to remain in general population. Hewitt v. Helms, 459 U.S. 460, 468-69 (1983). Where an inmate alleges that he has a state-created liberty interest in freedom from administrative segregation, the appropriate inquiry was explained as follows in Sandin v. Connor, 515 U.S. 472 (1995).

> [W]e recognize that states may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483-84 (citations omitted).

It is not clear whether plaintiff is alleging that a state regulation or statute creates a liberty interest in freedom from administrative segregation. The case cited by defendants to support dismissal, however, was issued prior to Sandin v. Connor and defendants do not address the stark conditions alleged by plaintiff within administrative segregation. Absent information about the period of time plaintiff was held in administrative segregation without food, clothing or water, the court cannot say whether the conditions imposed an atypical and significant hardship or whether those conditions were necessitated by legitimate security concerns.

To the extent plaintiff asserts he was denied appropriate procedures because a conduct violation was not issued earlier, dismissal is appropriate. "[T]here is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations. Rather, any liberty interest must be an interest in the nature of the prisoner's confinement, 'not an interest in the procedures by which the state believes it can best determine how he should be confined.'" Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

As a general rule, mere placement in administrative segregation and being held there does not constitute cruel and unusual punishment. Thus, plaintiff's housing assignment does not violate the Eighth Amendment based upon the length of confinement, absent other circumstances. The Eighth Circuit has upheld significantly longer periods of segregation without finding them to constitute a violation of the Eighth Amendment. See Brown v. Nix, 33 F.3d 951, 955 (8th Cir. 1994) (upheld 9-year sentence to segregation not a violation of the Eighth Amendment); see also Herron v. Schriro, 11 Fed. Appx. 659, 662, 2001 WL 360479 (8th Cir. 2001) (unpublished) (Eighth Amendment claims rejected upon finding no sufficiently serious deprivation, even considering the 13 years of administrative segregation confinement).

Dismissal is not warranted, however, on plaintiff's claims that the conditions of his confinement within administrative segregation were atypical and placed a significant hardship

4

upon him in relation to the normal incidents of prison life.  Further, plaintiff's assertion of the facts surrounding his request for witnesses, his desire for exculpatory evidence at the hearing for the conduct violation, and the inability to file grievances are matters that are better addressed in a motion for summary judgment.

Documents submitted with the various pleadings suggest that a motion for summary judgment is warranted and that additional discovery may not be required.  In response to the motion to dismiss, plaintiff indicated he believed there were genuine issues of material fact for trial.  Rather than convert the current motion to dismiss to one for summary judgment, however, the parties should be given an opportunity to submit additional evidence and/or suggestions.

On January 4, 2007, defendants also filed a motion to dismiss for failure to prosecute and to comply with court orders.  Plaintiff responded to the motion and defendants replied.  Plaintiff's failure to timely file a grievance and to comply with the court's order was briefly addressed in the report and recommendation of March 27, 2007, and there is some justification for considering dismissal under Fed. R. Civ. P. 41(b).  Nevertheless, plaintiff will be given one final opportunity to proceed with this case and to comply with court orders prior to a recommendation of dismissal as a sanction.  Accordingly, it is

ORDERED that within thirty days, the parties notify the court, in writing, if additional discovery is required, and identify the specific discovery requested.  It is further

ORDERED that unless otherwise ordered, summary judgment motions are due no later than thirty days after the district court judge rules on the issues set forth in the following recommendations.  It is further

ORDERED that responses to summary judgment motions are due no later than thirty days after the motions are filed, and that defendants are requested to submit to the court a courtesy paper copy of their motion and any exhibits in support.  It is further

RECOMMENDED that defendants' motion of December 14, 2006, to dismiss for failure to exhaust administrative remedies be denied.  [11]  It is further

RECOMMENDED that defendants' motion of December 14, 2006, to dismiss be granted to the extent plaintiff claims he was denied appropriate procedures prior to and during his initial placement in administrative segregation, and to the extent that he claims the mere length of his

confinement in administrative segregation, notwithstanding the conditions, violates the Constitution. It is further

RECOMMENDED that defendants' motion of December 14, 2006, to dismiss be denied on plaintiff's claims that he was subjected to atypical and significant hardships in administrative segregation, denied due process during the disciplinary hearing, subjected to cruel and unusual punishment while in administrative segregation, and denied freedom of speech with regard to grievances. It is further

RECOMMENDED that defendants' motion of January 20, 2007, to dismiss for failure to prosecute and to comply with court orders be denied. [20]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 20th day of June, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge